United States District Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DERAIL GREEN, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-04452 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SNAP RTO LLC, | § | |
| Defendant. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Derail Green, proceeding *pro se* and *in forma pauperis*, filed this lawsuit seeking to recover alleged damages in connection with a rental purchase agreement with respect to jewelry that he entered into with Defendant Snap RTO, LLC. Dkt 1. Defendant moved to compel arbitration and dismiss the case. Dkt 8.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan, recommending that the motion by Defendant be granted. Dkt 17.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed a two-page written objection. Dkt 18. This was filed late, and as such, it needn't be considered. *Scott v Alford*, 1995 WL 450216, \*2 (5th Cir).

Regardless, the objection seeks reconsideration of the Memorandum and Recommendation without pointing to any particular part of the Memorandum and Recommendation as objectionable. The Fifth Circuit is clear that "objections must *specifically* identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v Wainwright,* 677 F2d 404, 410 n 8 (5th Cir 1982), overruled on other grounds (emphasis added). And *de novo* review isn't invoked by simply re-urging arguments contained in the underlying motion. *Edmond v Collins*, 8 F3d 290, 293 n7 (5th Cir 1993); see also *Smith v Collins,* 964 F2d 483, 485 (5th Cir 1992) (finding no error in failure to consider objections because plaintiff "merely re-urged the legal arguments he raised in his original petition"); *Williams v Woodhull Medical & Mental Health Center,* 891 F Supp 2d 301, 310–11 (EDNY 2012) (*de novo* review not warranted for conclusory or general objections or which merely reiterate original arguments).

The objection is properly disregarded on these bases. And no clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

Notwithstanding these defects, the objections have also been reviewed *de novo*. It is determined here that they lack merit for the reasons stated by the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 18.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 17.

The motion by Defendant to compel arbitration and dismiss the case is GRANTED. Dkt 8.

This case is DISMISSED WITHOUT PREJUDICE in favor of arbitral proceedings.

A final judgment will issue by separate order.

SO ORDERED.

Signed on April 30, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge